Butler *v.* Railroad Co.

F. C. BUTLER *v.* EAST TENN. & VA. RAILROAD CO.

RAILROAD. *Common carrier. When liability ceases.* The duty of a railroad company is to carry freight to the place directed, and to deliver it to the party entitled if there ready to receive it, and if not, to store it for him. The liability of the company as a common carrier ceases when the freight is deposited in a warehouse, and is not extended by the act of 1870, ch. 17 (Code, sec. 1993*j*), requiring the company to give a prescribed notice to the consignee.

FROM MONROE.

Appeal in error from the Circuit Court of Monroe county.   S. A. RODGERS, J.

McCROSKEY & HICKS for Butler.

GEORGE BROWN for Railroad Company. .

COOPER, J., delivered the opinion of the court.

Action brought by Butler against the railroad company for the value of a trunk and its contents.   The case was tried by the judge, without a jury, who rendered judgment in favor of the company, and the plaintiff appealed.

On January 1, 1878, the plaintiff at Mossy Creek, directed the defendant to ship the trunk on its train to Philadelphia, Tennessee.   The plaintiff, after he had ordered the shipment, walked from Mossy Creek to Philadelphia, or its vicinity, about seventy miles,

and arrived on the 9th of January. The trunk was destroyed by fire in the burning of the depot of the company at Philadelphia on the night of the 12th of January, having reached that point about ten days before and been stored in the depot. The plaintiff says he went to Philadelphia on January 13th, "to see if my trunk was burned." He adds that he has no family, is a millwright, travels about to get work, and has no fixed home. The agent of the company did not notify the plaintiff of the arrival of the trunk, because he did not know his post-office or where he lived. The fire occurred without any fault of the company.

The duty of the railroad company was to carry the plaintiff's trunk to the place directed, and to deliver it to the plaintiff if he was ready to receive it, and if not, to store it for him in their station warehouse: *Dean* v. *Vaccaro*, 2 Head, 490. The liability of the company as a common carrier ceased when the trunk was deposited in the warehouse. The subsequent loss by fire without any fault on the part of the company would fall upon the owner of the goods: *Express Company* v. *Kaufman*, 12 Heis., 161; *Rankin* v. *Memphis Packet Co.*, 9 Heis., 564, 570.

It is suggested, rather than argued, that the common law liability of the railroad company, as a common carrier, has been extended by the act of 1870, ch. 17 (Rev. Stat., sec. 1993*j*). The first section of that act makes it the duty of all common carriers and express companies doing business in this State, after the receipt of freight for delivery at their ware-

house, depot or station, to notify the consignee, by written or printed notice, to be delivered to the consignee in person, at his place of business, if in the city or town where received; or if not residing or doing business in the city or town, then through the post-office, within three days after the arrival of goods, It was the duty of the carrier to notify the consignee of the arrival of freight before the statute, though not necessarily in the mode prescribed: *Dean* v. *Vaccaro*, 2 Head, 490. The designation of a particular form and manner of notice would not, by any fair intendment, change the character of the carrier's liability. And the severity of the common law rule forbids its extension by the courts in the absence of positive legislation. And the company was certainly in no fault for failing to give the plaintiff notice in this case. He had no fixed residence, nor the company any knowledge of his temporary stopping place.

Affirm the judgment.